United States District Court
Southern District of Texas
**ENTERED**
June 24, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COURTNEY CHRISTIAN MAYNARD, SPN # 03270087, | § § § | |
| *Petitioner*, | § § | |
| v. | § § | CIVIL ACTION NO. H-25-2620 |
| HARRIS COUNTY SHERIFF ED GONZALEZ, | § § § | |
| *Respondent.* | § § | |

## MEMORANDUM OPINION AND ORDER

Petitioner is a pretrial detainee in custody of the Harris County Sheriff's Office awaiting trial on felony charges for credit card abuse against an elderly person. The state of Florida lodged an out-of-state fugitive warrant detainer against him, which remains pending.

Petitioner filed the pending *pro se* habeas petition under 28 U.S.C. § 2241, challenging the Harris County trial court's failure to grant his *pro se* motions for a speedy trial as to the pending Harris County charges. However, as judicial relief, he seeks removal of the Florida detainer and reinstatement of his Florida probation in lieu of extradition to Florida.

Having reviewed the petition, matters of public record, and the applicable law, the Court **DISMISSES** the petition without prejudice for the reasons shown below.

## I.  BACKGROUND AND CLAIMS

Petitioner was arrested in Harris County on January 30, 2025, under felony charges for credit card abuse against an elderly person. The Harris County court noted that petitioner was on probation in Florida at the time of his arrest.  *See State v. Maynard*, Case No. 189704101010 in the 177th Judicial District Court of Harris County, Texas.  Petitioner was provided appointed counsel.  The state of Florida subsequently lodged an out-of-state fugitive warrant detainer against petitioner on February 6, 2025, which remains pending in the state criminal case. *Id.* A detainer against petitioner was also lodged by Brazoria County, but is not at issue in this lawsuit.

Petitioner was indicted for the Harris County offense on March 21, 2025.  The case was reset by written agreement of the parties on March 25, 2025, April 30, 2025, and May 23, 2025.  Petitioner filed three identical *pro se* motions for a speedy trial in March and April 2025.  The motions did not mention petitioner's detainers and made no speedy trial demands under the Interstate Agreement on Detainers Act ("the Act") as to the Florida detainer. (Docket Entry No. 3.)  No rulings were made as to the *pro se* speedy trial motions.

In setting forth his sole ground for federal habeas relief in the instant petition, petitioner asserts that the Harris County trial court "violated my constitutional right to a speedy trial for my pending cases, violating the 180-day speedy trial provisions in [the] Interstate Agreement on Detainers [illegible] proper basis for pretrial petition [*sic*]." (Docket Entry No. 1, p. 6.) As supporting facts, he states that, "I have submitted motions for a speedy

trial multiple time[s] to the Harris County Clerk['s] office with timely filing of the motions while being in custody in Harris County also [*sic*] Harris County releases me on detainer to neighboring counties. I have not seen the judge to discuss my filed motions with the court." *Id.* As judicial relief, he asks this Court "to remove the detainer from Florida as a fugitive warrant for probation violation to be able to pay my bond in Harris and Brazoria County in the state of Texas. To not be extradited back to Florida but to have my probation reinstated to handle the pending charges/cases in Texas. I am indigent and need financial assistance." *Id.*, p. 7.

Thus, it appears petitioner is arguing that, by not granting his *pro se* motions for speedy trial as to the Harris County charges, the state trial court violated his speedy trial rights under the Interstate Agreement on Detainers Act ("the Act") as to the Florida detainer, entitling him to removal of the Florida detainer. However, petitioner's arguments present no basis for federal habeas relief in this proceeding.

## II. ANALYSIS

### A. 28 U.S.C. § 2241

Section 2241 authorizes a federal writ of habeas corpus where a petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal habeas relief is warranted under § 2241 only if: (1) the petitioner is in custody for purposes of § 2241(c); and (2) the petitioner has exhausted

available state remedies. *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987).

    B.    <u>Exhaustion</u>

Although pretrial habeas relief can be sought under 28 U.S.C. § 2241(c), a state pretrial detainee must fully exhaust available state remedies before seeking federal habeas relief. *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Montano v. Texas*, 867 F.3d 540, 542–43 (5th Cir. 2017). This entails submitting the factual and legal basis of the habeas claims to the Texas Court of Criminal Appeals. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). Exceptions exist only where the available remedies either "are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Montano*, 867 F.3d 542–43 (cleaned up).

A review of public online records for the Texas Court of Criminal Appeals shows that petitioner has not filed any habeas petitions with that court. Accordingly, the Texas Court of Criminal Appeals has not had an opportunity to consider the habeas claim raised by petitioner in this lawsuit. Petitioner's claim is unexhausted and must be dismissed.

    C.    <u>The Act</u>

Even assuming petitioner's claim were exhausted, habeas relief remains unavailable.

Texas codified the Act in Art. 51.14 of the Texas Code of Criminal Procedure. The Act outlines a cooperative procedure to be used when a state is seeking to try a prisoner who is being held in a penal or correctional institution of another state. *See* TEX. CODE CRIM.

4

PROC. art. 51.14. The state with the untried indictment, information, or complaint must file a detainer with the institution that is holding the prisoner. *State v. Votta*, 299 S.W.3d 130, 135 (Tex. Crim. App. 2009). The institution must then promptly inform the prisoner the detainer has been filed and that he has the right to request final disposition of the charges made the subject of the detainer. *Id*. The prisoner may make such a request by giving written notice to the warden of the facility in which he is being held who is then required to forward the request to the appropriate court and prosecuting officer. *Id*. Once the request for final disposition has been received by the court and prosecuting officer, the prisoner must be brought to trial within 180 days unless a continuance is granted under the Act. *Id*.

Petitioner does not allege that he followed these procedures. To the contrary, he appears to argue that his motions for a speedy trial in his pending Harris County prosecution triggered the Act's 180-day time line as to his Florida criminal proceedings. Nothing in the Act supports such an argument.

### III.  CONCLUSION

For the reasons stated above, petitioner's § 2241 habeas petition is **DISMISSED WITHOUT PREJUDICE**. Any and all pending motions are **DENIED**.

Signed at Houston, Texas, on this the 23rd day of June, 2025.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

5